IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

FILED
JUN 1 0 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| DAVID BOSADA | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| PROCOLLECT, INC | § | Complaint |
| | § | And |
| | § | Demand for Jury Trial |
| | § | |
| Defendant | § | A09CA 456LY |

## COMPLAINT

COMES NOW the Plaintiff, DAVID BOSADA, (hereafter the "Plaintiff") by Counsel, Dennis McCarty, and for his complaint against PROCOLLECT, (hereafter the "Defendant"), alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and, costs, and attorney's fees brought pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collect Act) and for the common law tort of defamation.

### JURISIDICTION

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. §1367.

### PARTIES

3. Plaintiff is a natural person and is a resident and citizen of Travis

1

County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3)

4. Defendant, ProCollect is a For-Profit Corporation registered to do business in Texas, and it may be served through its registered agent, Gary Lee Hach, 312 West NW HWY, Suite B, Grapevine, Texas 76051. Defendant is a corporation engaged in the business of collecting consumer debts in the Western District of Texas. The principle purpose of Defendant's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6. Plaintiff received a telephone call from Defendant on or about July 25, 2008 informing him of a $277.12 debt.

7. Plaintiff informed the Defendant that Plaintiff didn't owe this debt.

8. Defendant informed the Plaintiff on or about July 25, 2008 that if Plaintiff paid the debt that very day, that the debt would not be reported to any Credit Reporting Agencies.

9. The Plaintiff, to keep his Report in good standing, immediately paid the debt based on the information given by the Defendant.

10. The Defendant reported the debt to Credit Reporting Agencies regardless of the Plaintiff paying the debt on the phone with an employee of the Defendant and Defendant's promises not to report it.

11. Defendant made false, deceptive, and misleading statements to the Plaintiff in order to get the Plaintiff to pay the debt, knowing that Defendant had already reported to the Credit Reporting Agencies;   OR

12. Defendant made false, deceptive, and misleading statements to the Plaintiff in order to get the Plaintiff to pay the debt, knowing that Defendant was going to report the debt after payment regardless of Plaintiff paying, even after Defendant promised not to report.

13. Plaintiff has a long history of paying all debts timely when the debts are known by Plaintiff.

14. Plaintiff attempted to refinance home in order to receive a better interest rate on the loan in January 2009.  Plaintiff was informed by Bank of America that he had a collection on his report from Defendant.

15. Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information reported by the Defendant is continuing to damage the Plaintiff's credit rating and a substantial factor in Plaintiffs from taking advantage of receiving the most favorable terms in financing and interest rates for credit offers.

16. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

17. As a result of Defendant's conduct, Plaintiff has suffered actual damages and will continue to suffer in the future, all to Plaintiff's great detriment and loss.

18. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant's herein.

19. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. This suit is based upon Defendant's violation of the FDCA. All causes of action were the producing causes of damages which Plaintiff suffered.

### Count I: Fair Debt Collection Act

22. Defendant violated its duty under 15 U.S.C. §1692e and the, "least sophisticated consumer standard," not to use any false, deceptive, or misleading representation or means in connection with the collection of any debt. The Defendant made false, deceptive and misleading statements to the plaintiff on or about July 25, 2008 to get the Plaintiff to collect a debt by promising if he paid that day it would not be reported but was reported regardless.

> The section entitled "False or misleading representations under 15 U.S.C. §1692e reads:
>
> > (10) the use of any false representation or deceptive means to collect or to attempt to collect any debt or to obtain information

4

concerning a consumer.

23. Defendant violated 15 U.S.C. § 1692g by not conveying to the Plaintiff the validation notice either orally or in writing while attempting to collect a debt. Such conduct impermissibly detracts from the validation rights of the first notice.

The section entitled "Validation of debts" under 15 U.S.C. §1692g(a) reads:

> (a) Notice of debt: contents
> Within five days after the initial communication with a consumer In connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer had paid the debt, send the consumer a written notice containing-
> (1) the amount of the debt:
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### Count II: Defamation

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. At times pertinent hereto, Defendant have published statements to various Credit Reporting Agencies that are false and negative representations concerning

5

Plaintiff's credit information and history.

26. These published statements made by Defendant are false.

27. The conduct of Defendant were a direct and proximate cause, as well as a Substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory and punitive damages, as well as such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

28. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k

(d) An order directing that Defendant to write a deletion letter to any and all agencies that have or currently reporting the inaccurate information as well as to cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

(e) Such other and further relief as may be necessary, just and proper.

Dated: June 3, 2009

Respectfully submitted,

Dennis McCarty

*/s/ Dennis McCarty*

Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
P.O. Box 54172
Hurst, TX., 76054
Telephone: 940-567-3141
Fax: 817-887-5069